UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

LAZERIC SHUMPERT,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**DEFENDANT'S
SENTENCING MEMORANDUM
AND OBJECTIONS TO PSI**

Case Number 1:22-cr-45

## INTRODUCTION

On or about March 2, 2022, a six-count indictment was filed in US District Court charging Lazeric with Count 1: Conspiracy to Distribute and Possess with intent to Distribute Controlled Substance; Count 2: Distribution of Controlled Substances; Count 3: Distribution of Controlled Substances; Count 4: Distribution of Controlled Substances; Count 5: Distribution of Controlled Substances; and Count 6: Possession with Intent to Distribute Controlled Substances. He was arrested on March 2, 2022 and made his initial appearance on the same date. He was detained pending a detention hearing. Lazeric waived his detention hearing. He has been detained from March 2, 2022 to the present. On April 6, 2022, a superseding indictment was filed in US District Court adding Count 7-Possession of Materials Involving the Sexual Exploitation of Minors.

On March 8, 2023, pursuant to a plea agreement, Lazeric pled guilty to Count 1 and 7 of the Superseding Indictment.

*US v. LAZERIC SHUMPERT*
Defendant's Sentencing Memorandum
January 8, 2024

## CREDIT FOR TIME SERVED

Prior to the federal charge, he was arrested in these charges in State court (08-2022-cr-00213) on January 25, 2022. He was detained on state charges, until these federal indictment and arrest warrant was issued on March 2, 2022.

The total amount of time in custody is broken down as follows:

1. 08-2022-cr-00213

    a. January 25, 2022 to March 2, 2022 = 36 days

2. Federal

    a. March 2, 2022 to January 16, 2024= 685 days

3. Total time Served on State and Federal

    a. 36+685= 721 days or 1 year and 10 months

The Presentence Report was completed by Carly Dalbey. She determined the sentencing guideline range to be as follows:

1. Count 1-Conspiracy to Distribute

    a. Base Offense Leve l= 24

    b. Adjusted Offense Level= 24

2. Count 7-Posssession of Materials

    a. Base Offense Level = 18

    b. Specific Offense- Pattern of Activity = +5

    c. Specific Offense- More than 600 images = +5

    d. Adjusted Offense Level = 28

3. Multiple Count Adjustment

Page **2** of **8**

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

    a. Group/Count 1 = 1 unit

    b. Group/Count 2 = 1 unit

    c. Total Units = 2 Units

4. Great of the Adjusted Offense Levels Above = 28

5. Increase in Offense Level = +2

6. Combined Adjusted Offense Level = 30

7. Acceptance of Responsibility = -2;

8. Acceptance of responsibility = -1;

9. Total offense level = 27

Criminal History 3. His sentencing guideline range is 87 months to 108 months.

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Lazeric has the following Objections to the PSI report.

1. Paragraph 26- Pattern of Activity Involving Sexual Abuse or Exploitation of Minor +5 (U.S.S.G. §2G2.2(b)(5)

Lazeric objects to +5 being added to the offense level. Lazeric believes T.B. was over 18 years of age at the time when engaging in sexual acts. T.B. confirmed with law enforcement that she told Lazeric she was over 18 years of age.

Prior to this enhancement to apply, the Government needs to prove Lazeric knew he was engaging in the pattern of activity before it applies. U.S. v. Cole, 61 F.3d 24)(11th Cir. 1995). In Cole, the 11th circuit held the state of mind of the Defendant is relevant prior to applying USSG §2G2.2(b)(1), even though the Government argued state of mind is irrelevant. Id. at 24-25. See also U.S. v. Saylor, 959 F.2d 198, (11th Cir. 1992).

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

In <u>US v. Kuchinski</u>, 469 F.3d 853 (9th Cir. 2006), the issue dealt with USSG §2G2.2(b)(6)(D) (currently (7)(D)-Involving Amount of Images). The 9th Circuit held the Government must prove the mens rea of "knowingly" before the enhancement applies. <u>Id.</u> at 863.

In <u>U.S. v. Tucker</u>, 136 F.3d 763 (11th Cir.1998), the issue dealt with USSG §2G2.2(b)(3) (now (4), involving sadistic)). The 11th Circuit agreed with the 5th Circuit's reasoning and held the Government must prove the mens rea of "intentionally" before the enhancement applies. <u>Id.</u> at 764.

In this case, T.B. told law enforcement she told Lazeric she was 18 years of age. See ¶12 of PSI report. T.B. was the person he slept with on numerous occasions. As for A.A., he engaged in sexual relations only one time. If the Court agrees the Government needs to prove knowing/intentionally prior to any sexual acts with T.B. to apply, it is clear from T.B.'s own words the Government will be unable to prove he knew she was under 18 years of age. By removing T.B. from the equation, there is only one person (A.A.) and one act, therefore, there is no pattern of activity, which is defined as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct. U.S.S.G. 2G2.2. "Whether or Not" conditions do not include whether he knew the age. The Commission could have added a 4[th] condition that if the Defendant knew the age of the victim is irrelevant for purposes of this enhancement.

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

*US v. LAZERIC SHUMPERT*
Defendant's Sentencing Memorandum
January 8, 2024

Lazeric believes these other cases are relevant because these other decisions interpret the mens rea of other sections in the 2G2.2, which do not mention or comment on mens rea.

2. Paragraph 31- Adjusted Offense level

Based on the objection above, Lazeric believes the Adjusted Offense Level for Count 7 should be 23.

3. Paragraph 32- Multiple Count Adjustment

Based on the above-mentioned objection, the adjusted offense level for Count 7 should be 23.

4. Paragraph 33- Greater of the Adjusted Offense Levels

Based on the above-mentioned objections, the greater of the adjusted offense levels should be 24 (Count 1).

5. Paragraph 35- Combined adjustment offense level

Based on the above-mentioned objections, the level should be 26.

6. Paragraph 39- Total Offense Level

Based on the above-mentioned objections, the total offense level should be 23.

7. Paragraph 84- Guideline Provisions

Based on the above-mentioned objections, with a total offense level 23 and criminal history 3, his guideline range should be 57-71 months.

**LAZERIC'S REQUESTED SENTENCE**

See Sentencing Memorandum Supplement.

**MEMORANDUM**

I.      **Sentencing Factors (Section 3553(a))**

Page **5** of **8**

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

*US v. LAZERIC SHUMPERT*
Defendant's Sentencing Memorandum
January 8, 2024

1. **Nature and circumstances of the offense**

   Lazeric pled guilty to Conspiracy to Distribute and Possession of Materials

Involving the Sexual Exploitation of Minors.  He accepted responsibility.

2. **The History and Characteristics of Lazeric**

   Lazeric has a stepdad as his support.  His mother died from an overdose.  Lazeric

at the age of 12 was the one who found his mother dead. His biological father, other than

a brief stint, has not been involved in his life.  His biological father pled guilty to delivery

of fentanyl and marijuana in April 2023. As the Court can tell, Lazeric was born behind

the eight ball.  He has made numerous mistakes and wants to atone for those mistakes.

3. **Reflect Seriousness of the Offense, to promote respect for the law, and to**
   **provide just punishment for the offense.**

   Lazeric is pleading to serious charges. Lazeric's requested sentence outlined in

the sentencing memorandum supplement is "sufficient but not greater than necessary."

4. **Afford Adequate Deterrence to Criminal Conduct**

   It is unclear if a sentence needs to deter criminal conduct as it pertains to him

specifically (specific deterrence) or to others (general deterrence).  As it pertains to

Lazeric, he will be incarcerated for 685 days of federal custody. Prior to federal custody,

he was in custody on this incident for 36 days.  He has spent a total of 721 days in

custody relating to these charges.  He has been a model inmate during this entire time in

custody.  This is adequate deterrence for Lazeric.

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381

As it pertains to general deterrence, the studies show, and experience shows that general deterrence does not work.

**5. Protect the Public from further crimes of Lazeric.**

The requested sentence in the sentencing memorandum supplement is more than enough time to protect the public from further crimes. In addition, he will have to register for at least 15 years, so there will be an extra layer of protection for the public.

**6. Provide Lazeric with the necessary educational, vocational training, medical care, or other correctional treatment in the most effective manner.**

Lazeric wants to better himself. He wants the required treatment necessary to overcome his addiction. He can obtain these items by following Lazeric's recommended sentence outlined in the supplement.

Furthermore, his requested sentence will allow him to complete these goals.

## CONCLUSION

Based on the above-mentioned paragraphs and the supplement, Lazeric is requesting a sentence outlined in the plea supplement.

Respectfully submitted this 8th day of January, 2024.

PRINGLE & HERIGSTAD, P.C.

By S/ Ryan Sandberg
Ryan D. Sandberg (ID #05999)
rsandberg@pringlend.com
Attorney for Defendant
PO Box 1000
Minot, ND 58702-1000
(701) 852-0381

*US v. LAZERIC SHUMPERT*
Defendant's Sentencing Memorandum
January 8, 2024

<u>**Certificate of Service**</u>

I hereby certify that on the 8th day of January, 2024 the following document:

**Defendant's Sentencing Memorandum**

was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Rick Volk                    (rick.volk@usdoj.gov)

I further certify that copy of the foregoing documents will be mailed by first class mail, postage paid, to the following non-ECF participants:

*N/A*

Dated this 8th day of January, 2024.

*/s/ Ryan D. Sandberg*
Ryan D. Sandberg (ID #05999)
rsandberg@pringlend.com
P.O. Box 1000
Minot, ND 58702-1000
(701) 852-0381
Attorney for Defendant

Pringle & Herigstad P.C.
PO Box 1000
Minot, ND 58702
(701)852-0381