IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cr-045 |
| Plaintiff, | |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| LAZERIC SHUMPERT, | |
| Defendant. | |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, hereby submits this Sentencing Memorandum, to address sentencing issues in the above matter.

The Pre-Sentence Investigation Report ("PSR") in this case determined a total adjusted offense level of 27, criminal history category III, and advisory Guidelines sentencing range of 87 – 108 months. (PSR ¶ 84) The Offense Level calculation resulted from separate grouping of the two counts of conviction – Count One (Conspiracy to Distribute Controlled Substances) and Count 7 (Possession of Materials Involving the Sexual Exploitation of Minors) – and application of the Multiple Count Adjustment under USSG 3D1.4. (PSR ¶¶ 18 – 39) The two counts were not grouped because they involve separate victims and separate criminal acts. (PSR ¶ 18)

The Conspiracy charge was determined to have an Adjusted Offense Level 24. (PSR ¶ 24) Defendant has not objected to this calculation.

1

The sexual exploitation charge was determined to have an Adjusted Offense Level 28, based upon a Base Offense Level 18, a 5-level upward adjustment for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor (USSG § 2G2.2(b)(5)) and a 5-level upward adjustment for 600 or more images (USSG § 2G2.2(b)(7)(D)). (PSR ¶¶ 25-31) Defendant objects to application of USSG § 2G2.2(b)(5), arguing that he believed one of the victims (T.B.) was 18 years or older at the time of the sexual offense conduct, thereby eliminating the Guideline section's requirement that there be two or more separate instances of sexual abuse or sexual exploitation of a minor by the defendant. See USSG § 2G2.2, Application Note 1 (defining "pattern of activity involving the sexual abuse or exploitation of a minor").[1]

If the Court were to sustain Defendant's objection, the Adjusted Offense Level for Count Seven would be reduced to 23. Therefore, the Adjusted Offense Level for Count One (determined to be 24) would be the higher of the two groups and would be used as the starting point for the Multiple Count Adjustment under USSG § 3D1.4 (PSR ¶ 33). The same Increase in the Offense Level (+2) would apply as noted in PSR ¶ 34, as the Adjusted Offense Level for each count would yet be within 1 – 4 offense levels and each

---

[1] "Sexual abuse or exploitation" means (a) conduct described in certain Federal statutes; (b) an offense under state law, that would have been an offense under any such Federal statute if the offense had occurred within the special maritime or territorial jurisdiction of the United States; or (c) an attempt or conspiracy to commit any such offenses. The applicable offense in this instance is a state law offense – NDCC § 12.1-20-05 – which makes it an offense for an adult who engages in, solicits with intent to engage in, or causes another to engage in a sexual act with a minor who was fifteen years of age or older, as the conduct involved occurred within the jurisdiction of the State of North Dakota. It is an affirmative defense to such a charge that the actor reasonably believed the victim to be an adult (18 year of age or older). See NDCC § 12.1-20-01(2).

2

would be assigned 1 unit. See USSG § 3D1.4. However, as the Greater of the Offense Levels would be 24 (instead of 28), the Combined Adjusted Offense Level (PSR ¶ 35) would become 26 (instead of 30), and the downward adjustments for acceptance of responsibility would reduce the Total Offense Level to 23 (instead of 27), resulting in a Guideline sentencing range of 57 – 71 months (TOL 23 and Criminal History Category III).

The United States believes the PSR has correctly calculated the Guidelines in this case, and opposes the Defendant's objection. Defendant has not objected to the factual statements in the PSR, and therefore the Court may rely upon these unobjected-to factual assertions in deciding this issue. See United States v. Campbell-Martin, 17 F.4th 807, 817 n. 3 (8th Cir. 2021). Here, Shumpert possessed multiple videos of T.B. performing oral sex on Shumpert within his cell phone. (PSR ¶ 10) T.B. was 16 years old at the time of these acts. (PSR ¶ 12) Shumpert was an adult (he is currently 26 years of age and would have been 18 years of age on July 9, 2015, well before the conduct at issue here). (PSR ¶¶ 12, 63, 68 – noting Shumpert moved to North Dakota in 2017, after he was an adult). While T.B. told Shumpert she was 18 years old (PSR ¶ 12), which Shumpert also indicates (PSR ¶ 16), Shumpert acknowledges he did not take any precautions to verify T.B.'s true age. (PSR ¶ 16) T.B. noted she engaged in sexual acts on at least three separate occasions with Shumpert, but was high on drugs and not in her clear mind. (PSR ¶ 12) Further, she was vulnerable due to a recent drug overdose of a friend. (PSR ¶ 12) Under these circumstances, it was not reasonable for Shumpert to believe T.B. was an adult.

In United States v. O'Neal, 742 Fed.Appx. 836, 842-43 (2018), the Eighth Circuit Court of Appeals, in reviewing an evidentiary issue in a prosecution under 18 U.S.C. § 1591 for sex trafficking of a minor, examined whether the defendant "recklessly disregarded the fact that [the victim] was under the age of eighteen." While this case examines slightly different wording than at issue here ("recklessly disregarded" vs. "reasonably believed"), it is still persuasive. After noting that the term "reckless disregard" is commonly defined as "conscious indifference to the consequences of an act," the Eighth Circuit determined that the Defendant had recklessly disregarded the fact that the victim in that case was under age 18. In making this determination, the Court noted the defendant had spent significant time with the victim, had sex with her, and had the opportunity to observe and interact with her over time. Id. at 843. Further, the defendant did nothing to check or verify his belief that the victim was eighteen. Id.

While there is some slight difference factually here, as both T.B. and Shumpert note T.B. said she was eighteen, Shumpert presents no other basis for him to have "reasonably believed" she was eighteen despite his multiple encounters with her over time and his multiple sexual encounters with her, giving him significant opportunity to determine she was not actually eighteen. To that end, Shumpert admits he took no steps to verify her age. (PSR ¶ 16) Therefore, it is not reasonable for him to have believed this bald statement that T.B. was 18 years old.

Accordingly, the United States requests the Court overrule Shumpert's objection and adopt the PSR, including its Guidelines calculations, at the sentencing hearing, and find that the Guideline sentencing range in this case is 87 – 108 months.

4

Dated this 12th day of January, 2024.


MAC SCHNEIDER
United States Attorney


By:     */s/ Rick L. Volk*
        RICK L. VOLK
        Assistant United States Attorney
        P. O. Box 699
        Bismarck, ND  58502-0699
        (701) 530-2420
        N.D. Bar Board ID No. 04913
        Attorney for United States